UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD BASS, SR.,

                Plaintiff,

-against-

SACKLER FAMILY PURDUE PHARMA,
L.P., ET AL., STATE OF NEW JERSEY,

                Defendants.

25-CV-10025 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a resident of New Jersey, brings this *pro se* action under the court's diversity jurisdiction. He alleges that he suffered injuries in the State of New Jersey from opioids. He sues Purdue Pharma, located in Connecticut; "Sackler Family Members," who Plaintiff alleges reside in Connecticut; and the State of New Jersey. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of New Jersey.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Venue under Section 1391(b)(1) is not proper in this district because Plaintiff does not allege that all Defendants reside in the State of New York. Venue under Section 1391(b)(2) also is not proper in this district because the events giving rise to Plaintiff's claims did not occur in this district. Thus, from the face of the complaint, venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff alleges that his claims arose in New Jersey. Accordingly, venue lies in the District of New Jersey under Section 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. A decision on Plaintiff's application to proceed without prepayment of fees and his "motion to modify confirmation order to require mediation of my personal-injury claims" are reserved to the transferee court. The Court directs the Clerk of Court to terminate the motion at ECF 4.

Summonses shall not issue from this court. This order closes this case in this court.

SO ORDERED.

Dated:    June 26, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

2